UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MANNS,<br><br>   Petitioner,<br><br>   v.<br><br>TRATE,<br><br>   Respondent. | No. 1:23-cv-01382-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION**<br><br>**[THIRTY DAY OBJECTION DEADLINE]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the instant petition on September 22, 2023. Petitioner takes issue with a disciplinary proceeding in which he was found guilty of possessing alcohol. Because the petition fails to state a claim for relief, the Court will recommend it be DISMISSED.

**DISCUSSION**

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1

dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.      Rules Violation Report

Petitioner states he was found guilty in a disciplinary proceeding for possessing alcohol. According to his exhibits, on January 26, 2022, a correctional officer conducted a cell search of Petitioner's cell and discovered a bag full of an unknown liquid substance that had a strong odor of alcohol. (Doc. 1 at 6.)  The substance was sent to the Lieutenant's office for testing, which revealed that the substance contained alcohol with a reading of 0.052% BAC.  (Doc. 1 at 6.)  An incident report was generated, and Petitioner was given a copy on January 26, 2022.  (Doc. 1 at 6.)  A hearing was held and Petitioner was found guilty of violating Code 113 for possessing alcohol. (Doc. 1 at 11.)  It appears Petitioner was sanctioned with 30 days in disciplinary segregation. (Doc. 1 at 7.)

      1.   Exhaustion

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13.  When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the

geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

Petitioner concedes that he has not administratively exhausted his claims, but he claims exhaustion should be waived because he has attempted to pursue his administrative remedies with no response from prison authorities. He states that he submitted a BP-10 request for administrative remedy to the regional office, but the office never responded. (Doc. 1 at 8.) He states his inquiries on the status of his BP-10 were never answered. (Doc. 1 at 8.) He alleges he then proceeded to file a BP-11 with the Central Office, but the office rejected the appeal for failure to attach the response to the BP-10. Thus, he contends any further attempts would be futile. Petitioner makes a strong argument; however, even assuming the exhaustion requirement is waived, the petition should be dismissed for failure to state a claim.

2. Due Process Rights in Prison Disciplinary Proceedings

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

1    Petitioner does not claim his due process protections were violated, and a review of the
2 exhibits reveals that all due process requirements were met.  He does not claim that he was not
3 provided with more than 24 hours' notice of the hearing, he does not claim that witnesses or
4 documentary evidence were denied, and he does not claim that he was not provided with a written
5 copy of the disciplinary hearing determination.  According to the exhibits, it appears these
6 procedural due process requirements were satisfied.

7    Finally, Petitioner does not dispute that there was at least "some evidence" to support the
8 decision.  See Hill, 472 U.S. at 455 ("the requirements of due process are satisfied if some
9 evidence supports the decision by the prison disciplinary board to revoke good time credits.")
10 Petitioner's sole complaint is that prison authorities failed to test the substance twice as required
11 by BOP procedures.  However, if a prison otherwise complies with due process requirements, the
12 failure to comply with its own more generous procedures is not a constitutional violation.  Walker
13 v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).  Petitioner does not dispute that the initial test
14 returned a positive result for alcohol, and he has put forth no evidence to question the reliability
15 of the test.  The initial positive test satisfies the "some evidence" standard.  As the Supreme Court
16 stressed in Hill, the "some evidence" standard does not impose a rigorous level of due process
17 review:

> This standard is met if there was some evidence from which the conclusion of the administrative tribunal *could* be deduced. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board.

22 Hill, 472 U.S. at 455-56 (emphasis added).

23    For the foregoing reasons, the Court finds that Petitioner fails to state a claim that his due
24 process rights were violated.  Wolff, 418 U.S. at 564; Hill, 472 U.S. at 455.  The petition should
25 be dismissed.

26                                                        **ORDER**

27    IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District
28 Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 26, 2023**                    /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE