UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MANNS,<br><br>        Petitioner,<br><br>   v.<br><br>TRATE,<br><br>        Respondent. | No. 1:23-cv-01382-SKO (HC)<br><br>**ORDER REINSTATING FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION**<br><br>**[TEN DAY OBJECTION DEADLINE]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A.   <u>Reinstatement of Findings and Recommendations</u>

Petitioner filed his habeas petition on September 22, 2023. (Doc. 1.) Petitioner presented claims concerning a disciplinary proceeding in which he was found guilty of possessing alcohol. On September 27, 2023, the Court conducted a preliminary review of the petition and issued Findings and Recommendations to dismiss the petition for failure to state a claim for relief. (Doc. 5.) On October 24, 2023, Petitioner filed a motion requesting leave to file an amended petition to present cognizable claims concerning the disciplinary proceeding. (Doc. 7.) On October 25, 2023, the Court stayed the Findings and Recommendations and granted Petitioner leave to file a First Amended Petition. (Doc. 8.) Petitioner was granted thirty (30) days to file the First Amended Petition. Over thirty (30) days have passed, and Petitioner has failed to comply.

1

Therefore, the Court will reinstate the Findings and Recommendations.

B.     Motion for Injunctive Relief

On November 30, 2023, Petitioner filed a motion unrelated to the petition in which he seeks injunctive relief directing the Bureau of Prisons to cease collection of restitution payments. (Doc. 9.)

Rule 65(b) of the Federal Rules of Civil Procedure allows the Court to issue a temporary restraining order.  The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  However, the Court lacks jurisdiction, within the framework of a habeas corpus proceeding, to grant the relief Petitioner requests.  A federal court is a court of limited jurisdiction.  As a threshold and preliminary matter, the Court must have before it for consideration a "case" or "controversy."  Flast v. Cohen, 392 U.S. 83, 88 (1968).  Absent such a case or controversy, the Court has no power to hear the matter.  Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).  Petitioner's request has nothing to do with the underlying petition.  Also, the petition fails to state a claim for relief, and therefore, there is no case or controversy.

Moreover, there is no merit to Petitioner's assertion that the BOP is unlawfully collecting restitution payments.  The Ninth Circuit has previously upheld sentencing courts' decisions to delegate the timing and manner of payments of court-ordered restitution. See United States v. Barany, 884 F.2d 1255, 1259-60 (9th Cir.1989); United States v. Signori, 844 F.2d 635, 642 (9th Cir.1988); see also United States v. Fuentes, 107 F.3d 1515, 1528 n. 25 (11th Cir.1997) (reviewing cases and concluding that "precedent clearly authorizes delegation of payment schedules").

**ORDER**

For the foregoing reasons, the Court HEREBY REINSTATES its Findings and Recommendations that the habeas corpus petition be DISMISSED.

The Findings and Recommendations are submitted to the United States District Court

Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within ten (10) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 1, 2023**              /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE