1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TONY MANNS,                          No.  1:23-cv-01382-SKO (HC)

12                  Petitioner,           **SUPPLEMENTAL FINDINGS AND
                                          RECOMMENDATION TO SUMMARILY**
13          v.                            **DISMISS PETITION**

14   TRATE,                               **[FOURTEEN DAY OBJECTION
                                          DEADLINE]**
15                  Respondent.

16

17          Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for

18   writ of habeas corpus pursuant to 28 U.S.C. § 2241.

19   I.     Background

20          Petitioner filed his initial habeas petition in this Court on September 22, 2023.  (Doc. 1.)

21   Petitioner presented claims concerning a disciplinary proceeding in which he was found guilty of

22   possessing alcohol.  On September 27, 2023, the Court conducted a preliminary review of the

23   petition and issued Findings and Recommendations to dismiss the petition for failure to state a

24   claim for relief.  (Doc. 5.)  On October 24, 2023, Petitioner filed a motion requesting leave to file

25   an amended petition to present cognizable claims concerning the disciplinary proceeding.  (Doc.

26   7.)  On October 25, 2023, the Court stayed the Findings and Recommendations and granted

27   Petitioner leave to file a First Amended Petition. (Doc. 8.)  Petitioner was granted thirty (30) days

28   to file the First Amended Petition.  Over thirty (30) days passed, and no amended petition was

1

filed.  Thus, on December 1, 2023, the Court reinstated the Findings and Recommendations. (Doc. 11.)

On December 4, 2023, the Court received and filed a First Amended Petition.  (Doc. 12.) The amended petition bears a date of November 25, 2023.  Under the mailbox rule in <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988), a petition is deemed filed on the date it is signed and presumably handed to prison authorities for filing.  Giving Petitioner the benefit of the mailbox rule, the amended petition is timely filed.  Nevertheless, as discussed below, the amended petition also fails to state a cognizable claim and the Court will recommend it be dismissed.

II.    <u>First Amended Petition</u>

As stated in the initial Findings and Recommendations, a search of Petitioner's cell was conducted where a bag full of an unknown liquid substance was discovered that had a strong odor of alcohol.  The substance was tested with a resulting alcohol reading of 0.052% BAC.  A hearing was held and Petitioner was found guilty of violating Code 113 for possessing alcohol. (Doc. 1 at 11.)

As more fully discussed in the initial Findings and Recommendations, Petitioner does not dispute that there was at least "some evidence" to support the decision.  <u>Superintendent, Mass. Corr. Inst. v. Hill</u>, 472 U.S. 445, 454-455 (1984) ("the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.")  The substance tested positive for alcohol which Petitioner does not dispute.  In his First Amended Petition, Petitioner presents the same claim he did in his initial petition--that the institution failed to test the substance twice again within 15 minutes as required by BOP regulations.  As explained in the Findings and Recommendations, if a prison otherwise complies with due process requirements, the failure to comply with its own more generous procedures is not a constitutional violation.  <u>Walker v. Sumner</u>, 14 F.3d 1415, 1420 (9th Cir. 1994).  Petitioner does not dispute that the initial test returned a positive result for alcohol, and he has put forth no evidence to question the reliability of the test.  The initial positive test satisfies the "some evidence" standard.  As the Supreme Court stressed in <u>Hill</u>, the "some evidence" standard does not impose a rigorous level of due process review:

2

> This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, *the relevant question is whether there is any evidence in the record that could support the conclusion* reached by the disciplinary board.

Hill, 472 U.S. at 455-56 (emphasis added).

In his amended petition, Petitioner cites to Glover v. McClintock, 2014 WL 171920 (D. Az. 2014) claiming that two additional tests must be administered within 15 minutes. McClintock provides no support for Petitioner because McClintock concerned the procedures for conducting a breathalyzer test on an inmate. Id. at 3-4. Here, Petitioner was not subjected to a breathalyzer test. Instead, a bag full of a liquid substance was located in Petitioner's cell that tested positive for alcohol. Thus, he fails to demonstrate that there was not at least "some evidence" of a substance containing alcohol discovered in his cell.

For the foregoing reasons, the Court finds that Petitioner fails to state a claim that his due process rights were violated. Wolff v. McDonnell, 418 U.S. 539, 555 (1974); Hill, 472 U.S. at 455.

**ORDER**

Accordingly, the Court hereby SUPPLEMENTS the Findings and Recommendations of September 27, 2023, and RECOMMENDS the First Amended Petition be DISMISSED WITH PREJUDICE for failure to state a claim.

The Findings and Recommendations are submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within fourteen (14) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time

/////

may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 6, 2023**                    */s/ Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE

4